```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SAM H. JAMES Jr., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | CIVIL NO. 10-4317 (JBS) |
| v. | |
| PRESIDENT BARACK OBAMA, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

Sam H. James Jr. seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  THE COURT FINDS AS FOLLOWS:

1.  Plaintiff filed his complaint on August 23, 2010 without paying the required $350 filing fee or attaching an application to proceed in forma pauperis. [Docket Item 1.]  On September 13, 2010, Plaintiff submitted an application to proceed in forma pauperis and an affidavit of poverty. [Docket Item 2.]

2.  Based on this application to proceed without prepaying fees or costs and affidavit of poverty, this Court will grant Plaintiff's application and direct the Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).

3.  At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2). See Grayson v. Mayview State Hospital, 293 F.3d 103, 109-10 (3d Cir. 2002) (interpreting the screening provisions of § 1915(e)(2) as applying to all in forma pauperis complaints, whether filed by a prisoner or not); Brooks v. Central Dauphin School Dist., Civ. No. 09-2482, Slip Op. 2010 WL 771627 (M.D. Pa., Feb. 26, 2010) ("[d]espite the fact that Plaintiffs are not inmates complaining about prison conditions, § 1915(e)(2) applies to all in forma pauperis complaints, and not just to prisoners").

    4.   Based on the Court's review of Plaintiff's Complaint, the Court has determined that the Complaint is frivolous and should, consequently, be dismissed under § 1915(e)(2)(B)(i).

    5.   The Complaint, read liberally as we must in a pro se pleading, see Haines v. Kerner, 404 U.S. 519, 520 (1972), appears to assert three separate categories of claims against multiple defendants.  First, Plaintiff claims that President Obama and Michelle Obama have violated the Thirteenth and Fourteenth Amendments of the Constitution for "Being the First black President of the Union and not of the Confederacy" (Compl. at 3). In his second category of claims, Plaintiff accuses several state and federal judges, law enforcement officers, and courts, of allegedly engaging in multiple overlapping conspiracies to

deprive him of his legal files and retaliate against him in violation of 18 U.S.C. § 241 and 18 U.S.C. § 242 in order to, among other reasons, to "protect Jewish fraternal order[]s" (id.).  Finally, Plaintiff also accuses several federal and state judges of violating 28 U.S.C. § 455 for failing to disqualify themselves from prior proceedings to which Plaintiff was a party (id.).  Plaintiff seeks monetary damages of one billion dollars and attorneys fees (id.).

    6.  A complaint is "frivolous" under § 1915 if it is based on an indisputably meritless legal theory or on clearly baseless allegations.  Deutch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995) (interpreting § 1915(d), predecessor to § 1915(e)).

    7.  Plaintiff's claims fit this definition of frivolous. Plaintiff's claim against President Obama and Michelle Obama is based on an indisputably meritless legal theory.  Plaintiff's second claim, alleging conspiracy and retaliation among federal and state judges and law enforcement officers, relies on clearly baseless allegations.  Finally, Plaintiff's third claim, for violations of the judicial disqualification statute of 28 U.S.C. § 455 also relies on an indisputably meritless legal theory, as the statute provides no authority for awarding damages or fees, and the § 455 determination "should be made by the judge sitting in the case, and not by another judge."  United States v. Magloire, 235 Fed. Appx. 847, 849 (3d Cir. 2007) (quoting United

States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985)).

    8.  Consequently, as all claims in the Complaint are frivolous under § 1915(e)(2)(B)(i), the Court is compelled to dismiss the action sua sponte.  The accompanying Order will be entered.


**January 7, 2011**         **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
       United States District Judge